CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 14 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN EDWARD SAWN,<br><br>*Defendant* | CRIMINAL NO. 6:07cr00020<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion To Dismiss the Indictment, filed on July 16, 2007 (docket entry no. 19). I write briefly below to explain my reason for denying Defendant's motion in court.

Defendant was charged with a violation of 18 U.S.C.A. § 2250(a), which, as part of the Sex Offender Registration and Notification Act ("SORNA"), makes it a federal felony for a person who is required to register under SORNA and who then travels in interstate commerce to knowingly fail to register or to update his registration as required by SORNA. I conclude that (1) SORNA does apply to Defendant, (2) SORNA does not involve an unconstitutional delegation of legislative powers, (3) SORNA does not violate the Due Process Clause, (4) SORNA does not violate the Ex Post Facto Clause, and (5) SORNA does not violate the Commerce Clause. Accordingly, I DENIED Defendant's motion.

The essential facts here are essentially undisputed. On May 24, 1999, Defendant was convicted of rape[1] in New York state and was sentenced to eight years in prison. Defendant completed his prison term and was released on June 16, 2006. According to the Government,

---

[1] Defendant's memorandum says he was convicted of rape; the Government's memorandum says Defendant was convicted of attempted rape. This discrepancy is immaterial to the analysis here.

– 1 –

Defendant registered as a sex offender under the New York Sex Offender Registration Act[2] and, on October 31, 2006, notified authorities of a new address in New York. Defendant later left New York and was found living in Virginia in January 2007. On March 27, 2007, Defendant gave a fictitious name to a federal official, then fled. Authorities found and arrested Defendant on April 9, 2007. The Government alleges that Defendant fled from the federal officer because he knew he was wanted in New York for failing to notify authorities there of his change in address. On June 14, 2007, a grand jury returned an indictment charging Defendant with violating 18 U.S.C. § 2250(a).[3] Defendant has filed a motion to dismiss the indictment.

Section 2250(a) is a part of the Adam Walsh Child Protection and Safety Act of 2006 ("Act"), which was signed into law on July 27, 2006 by President Bush. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 [hereinafter Act]. Title I of the Act is entitled the "Sex Offender Registration and Notification Act" ("SORNA"); the portions of SORNA relevant here are the registry requirements for sex offenders, Act § 113 (to be codified at 42 U.S.C. § 16913), and the new federal crime established for failure to comply with the registration requirements, Act § 141 (to be codified at 18 U.S.C. § 2250).

More specifically, SORNA's registry requirement provision states:

(a) In general
   A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
(b) Initial registration
   The sex offender shall initially register--
      (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
      (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

---

[2] N.Y. Correct. Law § 168 to 168-w (McKinney 2007).
[3] "At a date unknown to the Grand Jury, but sometime on or around January 2007, ... the defendant, ... an individual required to registered under [SORNA], traveled in interstate ... commerce and knowingly failed to register as a sex offender ...." (Indictment Count One)

-2-

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

Act § 113, 42 U.S.C.A. § 16913 (West 2007).

Pursuant to 42 U.S.C.A. § 16913(d), the Attorney General issued an interim regulation ("SORNA Regulation") on February 28, 2007, stating that the "requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." Applicability of the Sex Offender Registration and Notification Act, 28 C.F.R. § 72.3 (2007).

Section 141 of the Act makes it a felony offense for a person (1) who is required to register under SORNA and (2) who travels in interstate commerce (3) to knowingly fail to register or update a registration as required by SORNA. *See* Act § 141, 18 U.S.C.A. § 2250(a) (West 2007).

The issue here, then, is whether SORNA applies to a defendant in the following fact pattern: the defendant was convicted in state court of a sex offense, the defendant registered under that state's sex offender registry, SORNA became effective, the defendant traveled in interstate commerce and knowingly failed to update his registration, the Attorney General issued the SORNA Regulation, the defendant was indicted and arrested for failure to update registration.

This case is nearly on all fours with *United States v. Hinen*, 487 F. Supp. 2d 747, 748

(W.D. Va. 2007),[4] in which Judge Jones concluded that SORNA applied to that defendant and that SORNA did not suffer from any constitutional infirmities. In *United States v. Roberts*, No. 6:07cr70031, 2007 WL 2155750 (W.D. Va. July 27, 2007), I adopted Judge Jones' in-depth analysis of these issues. Nothing the parties have submitted in this case tends to change my mind.

I conclude that SORNA does apply to this defendant and that SORNA is not unconstitutional. Accordingly, Defendant's motion is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

Date: August 14, 2007

---

[4] In *Hinen*, the defendant initially registered pursuant to Virginia law, then moved to Tennessee and failed to register there or update his registration. Here, Defendant registered pursuant to New York law, then moved to Virginia and allegedly failed to register or update his registration. This difference has no effect on the underlying analysis in *Hinen*.

–4–